```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

LANASTACIA LEE,                 )
                                )
          Plaintiff,            )
                                )
v.                              )  Case No. CIV-21-363-JAR
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
          Defendant.            )
```

**OPINION AND ORDER**

Plaintiff Lanastacia Lee (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 32 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has no past relevant work. Claimant alleges an inability to work beginning June 1, 2012 due to limitations resulting from epilepsy,

3

anxiety, depression, asthma, high blood pressure, migraines, and diabetes. (Tr. 197).

## Procedural History

On December 19, 2019, Claimant protectively filed for Supplemental Security Income under Title XVI (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 25, 2021, Administrative Law Judge ("ALJ") James Stewart conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic. On March 25, 2021, the ALJ issued an unfavorable decision. On October 6, 2021, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform medium work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ erred in (1) failing to properly

4

evaluate the medical opinion evidence; and (2) his consistency analysis.

### Consideration of the Medical Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizure disorder, asthma, obesity, major depressive disorder, and generalized anxiety disorder. (Tr. 16). The ALJ concluded that Claimant retained the RFC to perform medium work except that she (1) could not climb ladders, ropes, or scaffolding; (2) could have no exposure to unprotected heights, open flames, dangerous machinery or equipment, or other hazardous conditions (note that all moving machinery is not dangerous – such as machinery where moving parts are shielded); (3) no exposure to concentrated levels of fumes, dusts, gasses, odors, poor ventilation, or other respiratory irritants (concentrated level means substantially in excess of that normally found in modern office buildings or light manufacturing facilities); (4) due to mental impairments, the ALJ found Claimant was capable of doing only unskilled work consisting of simple and routine tasks with routine supervision that require only that she be able to understand, remember, and carry out simple instructions; (5) Claimant was found to be able to maintain concentration and persist

5

for two hour periods during the workday with normally scheduled work breaks between periods; (6) Claimant should not work at jobs where changes in work routine occur on a regular basis or where changes in routine are regularly made under circumstances where there is usually little or no opportunity to adjust; (7) Claimant could relate to supervisors and co-workers on a superficial and work-related basis and could adapt to a work situation; and (8) no contact with the general public (meaning interaction with the general public is not part of the job duties and any contact would in most cases be incidental and superficial).  (Tr. 19).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of hand packer, parts picker, and janitor, all of which were found to exist in sufficient numbers nationally.  (Tr. 24-25).  As a result, the ALJ found Claimant was not under a disability since December 19, 2019, the date the application was filed.  (Tr. 25).

Claimant contends the ALJ failed to properly evaluate the medical opinion evidence.  Specifically, Claimant was evaluated by Dr. Charles Lester, a treating physician.  On January 3, 2021, Dr. Lester completed a Medical Source Statement – Mental on Claimant's condition.  Dr. Lester diagnosed Claimant with Major

Depression and Generalized Anxiety Disorder. He stated that the conditions would cause her to have bad days causing the need to leave work prematurely or be absent approximately four days per month. Dr. Lester also found Claimant would likely be "off task" from her symptoms 20% of the time which would interfere with attention need to perform even simple tasks. (Tr. 432).

Dr. Lester determined Claimant was "markedly limited" in the functional areas of the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to travel in unfamiliar places or use public transportation. He also found Claimant was "moderately limited" in the functional areas of the ability to remember locations and work-like procedures; the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to work in coordination with or proximity to others without being distracted by them; ability to make simple

7

work-related decisions; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to respond appropriately to changes in the work setting; and the ability to set realistic goals or make plans independently of others. (Tr. 432-33). Dr. Lester expressly stated that his findings of limitations were based on clinical findings after examination and treatment. (Tr. 433).

The ALJ found Dr. Lester's opinion represented in the Medical Source Statement "not persuasive because it is not supported by his treatment records." (Tr. 22). The ALJ also stated that the form that Dr. Lester completed was "not an approved Social Security form." He was critical of the form having a category of limitation labeled "mildly limited" but not defining the term on the form. Instead of the five categories under the paragraph B criteria for mental impairment of "none, mild, moderate, marked, and extreme", the form utilized by Dr. Lester included "mildly limited, moderately limited, markedly limited, and extremely limited." He concluded that "[t]he regulatory definitions of these terms bear little resemblance to the definitions given on (sic) form used by Dr. Lester." The ALJ found "that alone drastically undercuts the

8

persuasiveness of Dr. Lester's opinion." The ALJ also found Dr. Lester's handwritten treatment records "mostly indecipherable". He also noted that Claimant's depression "comes and goes", which was not consistent with Dr. Lester's opinion. He, therefore, concluded that Dr. Lester's opinion was "not persuasive or supported by the evidence." (Tr. 22).

This Court first agrees with Claimant's position that no authority exists which requires that a particular form be used by a medical professional providing a source statement. Harrold v. Berryhill, 714 F. App'x 861, 868 (10th Cir. 2017)("The Commissioner has also not directed us to any authority supporting the ALJ's apparent assumption that a particular format must be used in reporting a medical source opinion regarding mental impairments. That the format and terms used in Mr. Blasdel's form differ from and provide more detail than those set forth in the regulation cited by the ALJ was not, therefore, a legitimate reason for him to dismiss Mr. Blasdel's opinion in assessing Ms. Harrold's mental RFC.") The form nor the terms used should distract from the findings of the professional.

Moreover, the terms used on the form completed by Dr. Lester are not as different as the ALJ would have this Court believe.

9

For instance, a "marked limitation" under the Social Security regulations is one where "[y]our functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(d). The definition of a function which is "markedly limited" on the form used by Dr. Lester is one that is "[m]ore than Moderate, but less than extreme resulting in limitations that seriously interferes with the ability to function independently. Considered to be 2 standard deviations below the norm, or 60% overall reduction in performance." (Tr. 432). While the form definition attempts to quantify the limitation, the essence of the extent of the limitation does not differ greatly from the regulations – a seriously limiting condition which adversely affects the claimant's ability to function independently. The ALJ's dismissive statement that Dr. Lester's opinion can be rejected out of hand on the differences in the forms and definitions "alone" is roundly rejected by this Court and requires reconsideration by the ALJ on remand.

Additionally, despite Defendant's attempts to rehabilitate the ALJ's statement that he found Dr. Lester's treatment notes "mostly indecipherable" in his decision, once the ALJ made this

10

finding he had an obligation to recontact Dr. Lester to obtain clarification of his treatment notes. Bryant v. Astrue, 2007 WL 2377079, at *1 (D. Kan. Aug. 14, 2007) citing Robinson v. Barnhard, 366 F.3d 1078, 1084 (10th Cir. 2004).  On remand, the ALJ shall recontact Dr. Lester for clarification of his illegible treatment notes to determine if the limitations he imposed in the Medical Source Statement are supported.

The ALJ also stated that the extent of functional limitation found by Dr. Lester is not supported because Claimant reported that her depression "comes and goes."  (Tr. 22).  This statement does not run contrary to the cited limitations found by Dr. Lester of Claimant experiencing "bad days" and being "off task" 20% of the time, as the time provided by Dr. Lester would support only a periodic onset of depressive conditions.  On remand, the ALJ shall re-evaluate Dr. Lester's opinion in light of the findings in this Opinion and Order.

### Consistency Analysis

Since the ALJ's decision is reversed on an improper evaluation of a mental impairment opinion, the ALJ shall also review his consistency analysis in light of his re-evaluation of Dr. Lester's opinions as necessary.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 27th day of March, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE